**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Angela Griffin ALLEN, Respondent.**

No. 1999–SC–0997–KB.

Supreme Court of Kentucky.

March 23, 2000.

Bruce K. Davis, Executive Director, Jay R. Garrett, Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Movant.

Bernard Pafunda, Angela Griffin Allen, Lexington, Counsel for Respondent.

*ORDER*

Respondent, Angela Griffin Allen, requests that this Court remand the disciplinary action in which she was suspended from the practice of law for two years to the Kentucky Bar Association for further proceedings. For the following reasons,

Respondent's motion is denied and the KBA's recommendation of a two year suspension is adopted.

A history of Respondent's multiple disciplinary violations is necessary for a thorough understanding of this case. Respondent, whose last known address of record is 880 Corporate Drive, Suite 300, Lexington, Kentucky, was initially suspended from the practice of law on May 2, 1996, for non-payment of dues. On January 6, 1998, Respondent filed an application for reinstatement and tendered a check to cover unpaid dues and an application fee. The KBA Board of Governors denied reinstatement, however, because Respondent had three additional disciplinary actions pending against her at that time. Subsequently, Respondent was found guilty of these charges and suspended from the practice of law for one year by opinion and order of February 18, 1999.[1]

The instant action was instituted on March 12, 1999, when the Inquiry Commission issued a complaint against Respondent for three counts of professional misconduct. Count I alleged a violation of SCR 3.130–5.5(a), for practicing law in a jurisdiction so as to violate the regulation of the legal profession in that jurisdiction. Count II alleged a violation of SCR 3.130–8.3(c), for misrepresenting her status as a licensed attorney. Counts I and II arose from Respondent having signed, while her license to practice law was suspended, both a preparation certificate for a mechanic's and materialman's lien and a complaint filed in Mason district court. Count III alleged a violation of SCR 3.130–8.1(b), for failing to respond to a lawful demand for information from an admissions of disciplinary authority.

Respondent failed to respond to the complaint. On June 16, 1999, the Inquiry Commission issued a three-count charge against Respondent, who was sent a letter in mid-July warning her that the case would be submitted to the Board as a default case if an answer was not filed. On August 6, 1999, the Inquiry Commission ordered the matter submitted to the Board as a default case pursuant to SCR 3.210(1).

On September 16, 1999, the day before the Board meeting at which the matter was to be presented, Respondent faxed a letter to the KBA requesting "ample time" to respond to the charges. Bar counsel attempted to contact Respondent that same day, but she could not be reached. Around 1:00 p.m. on September 17, 1999, Respondent left a voice mail message for Bar Counsel stating that she could not attend the meeting because she was out of town. Bar Counsel again tried to contact Respondent, but was unsuccessful. Around 1:30 p.m of the same day, Respondent faxed a copy of a brief memo and an illegible "Request for Continuation." There were no further communications from Respondent at that time.

The matter was presented to the Board as a default case that same day. Respondent was found guilty of Counts I and II, and not guilty of Count III. The Board recommended that Respondent be suspended form the practice of law for two years following the termination of her one year suspension which commenced on February 18, 1999.

On October 15, 1999, the Board entered an order in which it considered Respondent's "Request for Continuation." The Board questioned whether the request rose to the level of a formal motion; yet, if it did, the Board ordered it denied in light of the absence of any reason for Respondent's delay as well as the default nature of the case.

On November 24, 1999, Respondent filed a motion *pro se* with this Court requesting

---

1. *Allen v. Kentucky Bar Assoc.*, Ky., 985 S.W.2d 347, 348–349 (1999)(attorney's misconduct included failure to act with reasonable diligence in representing a client, failure to return client's calls, practicing law while law license was suspended, and failure to respond to disciplinary complaint).

an extension of time to file a notice of review of the Board's recommendation. This Court allowed Respondent until January 25, 2000, to file her notice of review and brief. Rather than filing the brief, however, Respondent—through her counsel who was hired on January 24, 2000, the day before the deadline—filed the instant motion to remand. Respondent's motion acknowledges that there is no legal authority supporting a remand, but requests such as a matter of grace. The motion also states Respondent's excuse for her dilatory conduct: she claims to have been previously represented by other counsel who failed to take any action whatsoever in this disciplinary matter. She fails to provide any more detailed information about this other counsel.

 Respondent's motion is correct in noting that there is no legal authority that would support remanding this case to the KBA. Furthermore, Respondent has demonstrated a pattern of chronic neglect regarding maintenance of her professional license and her responsibilities to the licensing authority. Respondent also has offered no reasonable explanation for her consistently delayed responses to notices from the KBA. Given these circumstances, it would be improvident to grant her motion to remand this matter. Inasmuch as Respondent failed to timely file a notice of review in this Court, the KBA Board of Governors recommendation that Respondent be suspended from the practice of law for two years is hereby adopted.

Upon the foregoing facts and charges, it is ordered that:

1. Respondent's motion to remand is hereby denied

2. Respondent, Angela Griffin Allen, is hereby suspended from the practice of law for two years for her professional misconduct. The suspension shall commence on February 18, 2000, the concluding date of her prior one year suspension ordered by this Court on February 18, 1999. The suspension shall continue until such time as she is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

3. Respondent, Angela Griffin Allen, is directed to pay costs of this action in accordance with SCR 3.450, said sum being $83.45, and for which execution may issue from this Court upon finality of this Order.

4. In accordance with SCR 3.390, Respondent, Angela Griffin Allen, shall within ten (10) days of the entry of this order notify all clients of her inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. She shall also provide such notification to all courts in which she has matters pending.

All concur.

ENTERED: March 23, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE