KENTUCKY BAR ASSOCIATION, Movant

v.

**Luann C. GLIDEWELL, Respondent.**

**No. 2007–SC–000527–KB.**

Supreme Court of Kentucky.

Dec. 20, 2007.

James L. Deckard, Executive Director, Linda Gosnell, Chief Bar Counsel, Jenny Dawson Lafferty, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, KY, Counsel for Movant.

Thomas J. Banaszynski, Barber, Banaszynski & Glidewell, Louisville, KY, Counsel for Respondent.

## OPINION

By confidential order entered herein on November 1, 2007, Respondent was conditionally suspended from the practice of law for a period of forty-five (45) days, and was ordered to pay restitution and costs. Prior to finality, the KBA and Respondent were given thirty days to object. Neither has filed any response or objection, and our order of November 1, 2007, is finalized. This Opinion is rendered in support of our November 1, 2007, final order.

The Board of Governors of the Kentucky Bar Association recommended that Respondent, LuAnn Glidewell, who was admitted to practice law in Kentucky on October 17, 1991, whose Bar Roster Address is 100 North Sixth Street, Fifth Floor, Louisville, Kentucky 40202, and whose KBA Member Number is 83981, be suspended from the practice of law for fifteen (15) days, probated for thirty (30) days on the condition that she pay restitution of $479.50 to Mr. David Cook.

The Board's recommendation, as reflected in the Findings of Fact, Conclusions of Law and Recommendation filed on July 31, 2007, resolved the two pending disciplinary cases involving Respondent (KBA File Nos. 13189 and 13843).

### KBA File No. 13189

This disciplinary matter arose from the representation of David Cook, who hired Respondent to represent him in a pending divorce action in Nelson Circuit Court. Mr. Cook paid Respondent $1,000.00 as an advance fee payment, and the court entered an order substituting Respondent as Mr. Cook's counsel of record. Shortly thereafter, Mr. Cook's wife filed a motion to compel him to pay the mortgage payment for the marital home. The uncontroverted record demonstrates that although a copy of this motion was forwarded to Respondent, she failed to file a response or to appear at the hearing on the motion. Ultimately, an order was entered against Mr. Cook on February 4, 2005, to keep the mortgage payments current and to require him to pay any arrearages within ten (10) days. Three days after this order was entered, Mr. Cook sent Respondent a letter requesting that she call him back to discuss the sale of his property. With no response from Respondent, Mr. Cook filed a *pro se* objection to the February 4, 2005, order on February 15, 2005.

Mr. Cook failed to pay the arrearages on the mortgage by the court's deadline, and consequently, Mr. Cook's wife filed a motion on February 18, 2005, to hold him in

contempt. Respondent received a copy of this motion, but she failed to notify her client and failed to file a response. Neither Respondent nor Mr. Cook appeared for the hearing on the motion on March 2, 2005. Thus, the court entered an order finding Mr. Cook in contempt and issued an arrest warrant on March 3, 2005. A copy of the order was mailed directly to Mr. Cook, and he subsequently retained new counsel.

Two weeks before Mr. Cook's new attorney entered an appearance, a credit balance of $479.50 remained from Mr. Cook's advance payment of fee. There is no evidence that any additional work was completed by Respondent over the next two weeks. Respondent failed to return any of Mr. Cook's advance payment of fee upon the termination of representation.

In addition, between December 28, 2004, and March of 2005, Mr. Cook made multiple telephone calls to Respondent's office but was never able to speak with her. Respondent did not return any of Mr. Cook's telephone calls either.

In investigating the bar complaint filed by Mr. Cook, the Office of Bar Counsel (OBC) sent a letter requesting additional information to the Respondent at her bar roster address on September 20, 2005. This letter specifically requested Respondent to explain some inconsistencies in her response to the bar complaint. This letter was not returned to the OBC, and Respondent did not reply. The OBC again attempted to obtain this information by letter on October 10, 2005. Although the letter informed Respondent that failure to reply might form the basis for a disciplinary charge for violation of SCR 3.130–8.1(b), she failed to respond.

Respondent was properly served with a copy of the bar complaint on August 9, 2005, and subsequently filed a timely response. On March 8, 2007, the Inquiry Commission issued a five-count Charge. The Charge was sent to Respondent by certified mail on March 9, 2007, and she signed the green card confirming receipt on March 12, 2007. Respondent has not filed an Answer to the Charge and has not communicated with the KBA in any way concerning the Charge. The counts of the Charge were: (1) lack of diligence, SCR 3.130–1.3; (2) failure to keep client informed, SCR 3.130–1.4(a); (3) failure to adequately explain matter to client, SCR 3.130–1.4(b); (4) improper termination, SCR 3.130–1.16(d); and (5) failure to respond to an inquiry from a disciplinary authority, SCR 3.130–8.1(b). The Board of Governors voted 17–0 to find Respondent guilty of all five (5) counts.

### KBA File 13843

The other disciplinary case arose from the representation of Donald Schraut Jr. in an action concerning the dissolution of his marriage. After the representation concluded, Mr. Schraut still owed Respondent approximately $1,264.00 for legal services rendered. On March 9, 2005, Respondent filed a Notice of Attorney's Lien on her former client's marital home, 2014 White Oak Lane in Jefferson County. She filed the lien in the amount of $1,264.00 plus interest without first running a title search to ascertain that the property still belonged to Mr. Schraut. In fact, the property had been conveyed to Mr. Schraut's parents, Donald Schraut Sr. and Diane Schraut, and the title was now in their names. Respondent had never represented Mr. Schraut's parents nor were they indebted to her for legal services rendered. Therefore, Mr. Schraut's parents promptly informed Respondent of this error, and Respondent subsequently attempted to file a lien release on May 3, 2005. However, Mr. Schraut's parents soon discovered and notified Respondent that the lien against their property had not been properly removed because the lien

release had identified the property with an incorrect address. Respondent did not file a corrected lien release until July 10, 2006, a time which occurred after three requests to do so, after the bar complaint had already been filed, and after more than eleven months from the original request had elapsed.

Respondent received a copy of the bar complaint on June 29, 2006, and filed a timely response on July 7, 2006. The Inquiry Commission issued a two-count Charge on March 8, 2007, and Respondent acknowledged receipt of the Charge by signing the green return receipt card on March 12, 2007. Respondent has not filed an Answer to the Charge and has not communicated with the KBA in any way concerning this Charge. The counts of the charge were: (1) using means that have no substantial purpose other than to embarrass, delay, or burden a third person, SCR 3.130–4.4; and (2) committing a criminal act, SCR 3.130–8.3(b). The Board of Governors voted 17–0 to find Respondent not guilty of both counts.

All sitting. All concur except ABRAMSON and MINTON, JJ.