**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Thomas Joseph GRADY, Respondent.**

No. 2008–SC–000307–KB.

Supreme Court of Kentucky.

Aug. 21, 2008.

As Modified Aug. 22, 2008.

## OPINION AND ORDER

MINTON, Chief Justice.

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Respondent, Thomas Joseph Grady, who was admitted to practice law in Kentucky in November 1987, whose Bar Roster Address is 9462 Brownsboro Rd., # 192, Louisville, Kentucky 40241, and whose KBA Member Number is 82290, be suspended from the practice of law for 181 days.

The Charge against Grady stems from his representation of Mark Jordan in a disability benefits matter. On March 19, 2004, Jordan retained Grady and wrote a personal check to Grady for $350.00 as payment. At the time, Grady was an associate at a law firm in Louisville. He did not deposit the check in the law firm's account; instead he endorsed the check, cashed it, and kept the money. On November 19, 2004, Grady fabricated a letter from Jordan. The letter was addressed to Grady, stated that Jordan had not paid the $350.00 because of confusion, and concluded with a forged signature. (In correspondence with Bar Counsel, Grady admitted to having written the letter in question.) Grady gave the letter to his firm to show

that he had not improperly taken the funds.

On November 29, 2004, a senior member of the firm wrote a letter to Jordan stating: "Tom Grady showed me a copy of your letter indicating you were mistaken about the $350 payment. To close out this matter, I would appreciate a call from you." In response, Jordan indicated that he had not written the November 19 letter. In a letter dated December 7, 2004, the law firm informed Jordan that Grady was no longer associated with the firm and asked if he wanted to have the firm continue representing him. (Apparently, Grady's employment relationship ended sometime between November 29 and December 7, 2004.) Jordan chose to continue with Grady as his attorney. At some point later, Grady refunded the $350.00 to Jordan.

On July 25, 2005, Grady filed suit in federal district court on Jordan's behalf against his benefits administrator and employer. On November 2, 2005, the federal district court ordered that the parties file motions for summary judgment no later than May 2, 2006. Grady never filed a motion for summary judgment, but both defendants did so. On July 18, 2006, the district court ordered Grady to respond to the defendants' summary judgment motions. Grady did not file a response, and on August 14, 2006, the court ruled in favor of the defendants and dismissed the action.

Jordan terminated Grady's representation in the matter in September 11, 2006. The next day, Grady returned the case file to Jordan, but did not advise him that the district court had dismissed the action. (In a letter to Bar Counsel, Grady claimed that he never received the district court's decision and learned of it from Jordan.)

Jordan filed a bar complaint against Grady. A copy of the complaint and a subsequent warning letter were sent by certified mail but were signed for by someone other than Grady. Grady responded to the complaint on December 11, 2006. In a January 2007 letter to the KBA in response to a request for information, Grady admitted that he wrote the fabricated letter of November 19, 2004. He also claimed in the letter that he had been preparing his motion for summary judgment in Jordan's case when the representation was terminated.

In November 2007, the Inquiry Commission issued a six-count Charge against Grady, alleging violations of SCR 3.130–1.15(a) (commingling client funds), SCR 3.130–8.3(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), SCR 3.130–3.4(c) (knowingly disobeying the rules of a tribunal), SCR 3.130–1.3 (lack of reasonable diligence), SCR 3.130–1.4(a) (not keeping a client reasonably informed), and SCR 3.130–1.4(b) (inadequate explanation for informed client decision). A copy of the Charge was sent to Grady by certified mail but was signed for by someone other than Grady. Personal service by sheriff was unsuccessful. Service was effected on the Executive Director of the KBA pursuant to SCR 3.175 on December 17, 2007. Grady filed no Answer to the Charge.

Because no answer was filed, the matter went to the Board of Governors as a default case under SCR 3.210(1). A member of the Board of Governors presented the case, and the Board then voted 13 to 2 to find Grady guilty of all six counts in the Charge.

The Board then turned to the issue of the sanction to impose, which requires consideration of prior discipline. Grady had been suspended on February 14, 2007 for failure to pay bar dues and CLE noncompliance; this suspension appears to

still be in effect. After reviewing Grady's disciplinary history, the Board voted to recommend a suspension of 181 days (twelve members voted for 181 days, but one voted for a 31-day suspension, one voted for a one-year suspension, and one voted for a two-year suspension). Neither Grady nor Bar Counsel has filed a notice pursuant to SCR 3.370(8) for this Court to review the Board's decision, and we do not elect to review the decision of the Board pursuant to SCR 3.370(9). The decision of the Board is hereby adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) Respondent, Thomas Joseph Grady, is found guilty of violating SCR SCR 3.130–1.15(a), SCR 3.130–8.3(c), SCR 3.130–3.4(c), SCR 3.130–1.3, SCR 3.130–1.4(a), and SCR 3.130–1.4(b), and is suspended from the practice of law in Kentucky for 181 days. The period of suspension shall commence on the date of entry of this Order.

(2) Pursuant to SCR 3.390, Respondent shall notify all courts in which he has matters pending of his suspension from the practice of law, and notify all clients in writing of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the date this Order of suspension. Respondent shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which he is engaged.

(3) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $357.19 for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER and SCOTT, JJ., concur. VENTERS, J., not sitting.