TO BE PUBLISHED

# Supreme Court of Kentucky

2008-SC-000935-KB

DATE 3/31/09 *Kelly Klaber* D.C.

KENTUCKY BAR ASSOCIATION                                              MOVANT

V.                          IN SUPREME COURT

VICKIE LYNN HOWARD                                              RESPONDENT

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended that Respondent, Vickie Lynn Howard, who was admitted to practice law in Kentucky on November 18, 1983, whose Bar Roster Address is P.O. Box 820, Salyersville, Kentucky 41465, and whose KBA Member Number is 13536, be suspended from the practice of law for 181 days.

### I. Factual and Procedural Background

### A. Prior Discipline

In 1995, Respondent was publicly reprimanded by the court. Kentucky Bar Ass'n v. Howard, 899 S.W.2d 891 (Ky. 1995). On August 21, 2003, she was suspended from the practice of law for 90 days. Kentucky Bar Ass'n v. Howard, 111 S.W.2d 864 (Ky. 2003).

### B. Current Disciplinary Charges

In the current case, Respondent has been charged with multiple counts of misconduct related to several clients. Because Respondent has failed to

respond to any of the Charges issued against her, this case is proceeding as a default, SCR 3.210(1), and the facts as alleged by the KBA are uncontroverted.

## 1. File No. 11336

The KBA opened File No. 11336 on the complaint of Paul Cantrell, who hired Respondent to represent him in a civil matter. The case settled in 2003 and Mr. Cantrell signed a release at the time. A settlement check and Agreed Order of Dismissal and Release were sent to Respondent on August 21, 2003, the same day on which her 90-day suspension for prior misconduct began.

Respondent failed to return the settlement materials to opposing counsel, Darren Embry, and never cashed the settlement check, which expired after 90 days. Embry moved to dismiss the case. Thereafter, he received a phone message from Respondent inquiring as to the status of the settlement check. Embry tried to contact Respondent by phone on three occasions but was unable to reach her. Embry's motion to dismiss was subsequently granted.

Cantrell knew the case had settled but not the amount of the settlement. He had trouble contacting Respondent throughout the representation and was unaware that she had been suspended from practice until 2004 during the investigation of this matter.

In response to a KBA inquiry, Respondent sent a letter, dated January 21, 2004, in which she claimed to have an illness that interfered with her "ability to clearly think." She also stated that she had instructed her secretary to draft letters to clients notifying them that upon her suspension, she could no longer represent them. Respondent's secretary sent no such letter to Cantrell, apparently believing that he was no longer a client.

The Inquiry Commission issued a Complaint against Respondent on June 15, 2004. Respondent finally responded to the Complaint by way of a letter on February 16, 2005, in which she again referred to her unnamed illness and claimed that she thought she had resigned from the KBA in her 2004 letter.

The Inquiry Commission issued a formal Charge in 2008 alleging that Respondent had violated SCR 3.130-1.3 (diligence), SCR 3.130-1.4(a) (communication), SCR 3.130-1.16(a)(2) (failure to withdraw or terminate representation), and SCR 3.130-5.3(b) (failure to supervise a non-lawyer). The Charge was served on Respondent by the Magoffin County Sheriff. Respondent never answered the Charge.

## 2. File No. 11618

The KBA opened File No. 11618 with regard to the complaint of Linda Williams, who hired Respondent in 2000 to represent her in matters related to her father's death. Specifically, Williams was concerned over a bank's repossession of her father's mobile home after his death, which she believed had been done improperly. Respondent obtained a verbal agreement from the bank for an apology and payment of the expenses related to the repossession. However, she never finalized the agreement, and Williams therefore never received the apology or any payment from the bank. Williams repeatedly tried to contact Respondent about the case during the representation, but had difficulty reaching her and obtaining information about the status of the case.

Williams filed a Bar Complaint in 2004. Respondent again responded by letter, dated June 29, 2004, in which she referred to her January 2004 letter,

3

discussed her representation of Williams, and again discussed her unnamed illness and its effect on her legal practice.

The Inquiry Commission issued a formal Charge on July 31, 2008 alleging that Respondent had violated SCR 3.130-1.3 (diligence), SCR 3.130-1.4(a) (communication), and SCR 3.130-1.16(a)(2) (failure to withdraw or terminate representation). The Magoffin County Sheriff served the Charge on Respondent, who never filed an answer.

### 3. File No. 12014

The KBA opened File No. 12014 with regard to the complaint of Shirley Graham, who hired Respondent in 2001 to represent her in a lawsuit involving an allegedly fraudulent deed. She paid Respondent $880 for the representation. Respondent did some work on behalf of Graham, including taking a deposition, but she later failed to proceed with the case and abandoned the client. Graham attempted to contact Respondent throughout the representation, but had difficulty doing so. Respondent did not respond adequately to Graham's repeated inquiries about the case.

Graham filed a Client Security Fund claim against Respondent in July 2004. The claim was treated as a Bar Complaint. Though served by the Magoffin County Sheriff, Respondent failed to respond to this complaint.

The Inquiry Commission issued a formal Charge on July 31, 2008 alleging that Respondent had violated SCR 3.130-1.3 (diligence), SCR 3.130-1.4(a) (communication), and SCR 3.130-1.16(a)(2) (failure to withdraw or terminate representation). The Magoffin County Sheriff also served this Charge on Respondent, who again failed to file an answer.

4

## C. Proceedings before the Board

The case was presented to the Board of Governors as one of default under SCR 3.210(1). The Board voted 17 to 0 to find Respondent guilty of all of the ethical violations presented in the three Charges against her. The Board then considered Respondent's prior discipline. The Board also noted that Respondent had claimed multiple times in correspondence with Bar Counsel that she suffered from a neurological disorder that affected her memory and cognitive functions. However, no evidence to substantiate these claims was ever presented to the Board. The Board then voted 17 to 0 in favor of a 181-day suspension with costs to be paid by Respondent.

## II. Analysis

Neither Respondent nor Bar Counsel has filed a notice for this Court to review the Board's decision as allowed under SCR 3.370(8). This Court is not unmindful of Respondent's allegations that she suffers from a substantial neurological illness that has affected her ability to practice law and presumably to participate in these proceedings. Nevertheless, it is clear that Respondent was put on notice of the Charges against her and that she responded to the allegations during early stages of the proceedings. Unfortunately, she quit doing so some time in the summer of 2004. This Court lacks an adequate record to consider any mitigating effect of her illness, and given her failure to answer the Charges or in any other way continue to participate in these proceedings, it is far from certain that further review would prove useful.

Because the factual allegations are uncontroverted, and because the Board's findings, conclusions, and recommendation are otherwise supported by

5

the record and the law and are appropriate in light of Respondent's prior discipline, her failure to respond formally to the charges against her, and the nature of the charges against her, this Court elects not to review the recommendation of the Board as allowed under SCR 3.370(9). The decision of the Board is therefore adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1)     Respondent, Vickie Lynn Howard, is found guilty of the ethical violations described above.

(2)     Respondent is suspended from the practice of law in Kentucky for a period of 181 days. The period of suspension shall commence on the date of entry of this Order.

(3)     In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $800.85, for which execution may issue from this Court upon finality of this Opinion and Order.

(4)     Pursuant to SCR 3.390, Respondent shall, within ten days from the entry of this Opinion and Order, notify all clients in writing of her inability to represent them, and notify all courts in which she has matters pending of her suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association, assuming that this is necessary given that she was already suspended from the practice of law. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which she is engaged.

6

All sitting.  All concur.

Entered: March 19, 2009.

_____
CHIEF JUSTICE