**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Luann C. GLIDEWELL, Respondent.**

No. 2009–SC–000462–KB.

Supreme Court of Kentucky.

Oct. 29, 2009.

## OPINION AND ORDER

The Kentucky Bar Association (KBA) petitions this Court pursuant to SCR 3.370(8) to determine the limited issue of whether Luann Glidewell, whose KBA member number is 83981 and whose bar roster address is 100 North 6th Street, 5th Floor, Louisville, Kentucky, 40202, is guilty of violating SCR 3.130–8.3(c)[1], which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, or misrepresentation. If this Court finds Glidewell guilty of violating SCR 3.130–8.4(c), the KBA has also requested that we adopt the remainder of the findings of fact, conclusions of law, and recommendations of the Board of Governors, who found Glidewell guilty of sixteen counts of professional misconduct and proposed that she be suspended from the practice of law for 181 days. After reviewing the facts underlying these charges, we agree that Glidewell is guilty of violating SCR 3.130–8.4(c) and adopt the KBA's recommended discipline.

### KBA File 16917

 Glidewell was admitted to the practice of law in this Commonwealth on October 17, 1991. In January 2002, Glidewell agreed to represent Roxanna Kirk in her personal injury claim and filed her lawsuit in April 2003. On October 7, 2004, the trial court ordered all parties involved in the case to show cause why Kirk's claim should not be dismissed. Glidewell failed to appear or respond to the show cause motion, and the trial court dismissed Kirk's case on January 19, 2005. Following the dismissal, Kirk made numerous attempts to contact Glidewell, but Glidewell never responded. After learning that her case had been dismissed, Kirk retained new counsel and pursued a legal malpractice claim against Glidewell. Glidewell never appeared or filed any responsive pleadings to the malpractice complaint, which resulted in Kirk receiving a default judgment in June 2006.

Kirk filed a bar complaint against Glidewell on August 28, 2008, but after attempting to serve the complaint, the KBA learned that Glidewell's bar roster address was not valid. The complaint was eventually served through the Executive Director of the KBA pursuant to SCR 3.175(2) on December 17, 2008. Despite the inclusion of a letter notifying Glidewell of her duty to respond, and a reminder letter sent on January 8, 2009, Glidewell never responded to the bar complaint.

On March 6, 2009, the Inquiry Commission issued its seven-count charge against Glidewell, alleging that she violated SCR 3.130–1.1 for failing to provide competent representation to her client; SCR 3.130–1.3 for failing to act with reasonable diligence and promptness in representing her client; SCR 3.130–1.4(a) for failing to keep her client reasonably informed about the status of her case and failing to promptly comply with reasonable requests for information; SCR 3.130–1.4(b) for failing to explain a matter to the extent reasonably necessary to permit the client to make

---

1. Effective July 15, 2009, SCR 3.130–8.3 has been renumbered to SCR 3.130–8.4. This re-numbering will be reflected throughout this opinion and order.

informed decisions about the representation; SCR 3.130–1.16(d) for failing to take the necessary steps to protect a client's interest upon the termination of the representation; SCR 3.130–8.1(b) for knowingly failing to respond to a lawful demand for information from a disciplinary authority; and SCR 3.175(1)(a) for failing to maintain a current address with the Director of the KBA.

On July 10, 2009, the Board of Governors issued its findings of fact and conclusions of law. The Board unanimously found that Glidewell was guilty of all seven counts charged in KBA File 16917 and recommended that she be suspended for 181 days for her misconduct. This Court agrees with the Board's conclusion that Glidewell is guilty of violating SCR 3.130–1.1, 1.3, 1.4(a), 1.4(b), 1.16(d), 8.1(b), and SCR 3.175(1)(a), and that a 181–day suspension is an appropriate sanction.

## KBA File 16877

In the summer of 2007, Glidewell agreed to represent Edward Morris in a civil matter. Although Morris provided Glidewell with all the necessary documents to proceed in his case, Glidewell failed to file an answer in a timely manner, which resulted in a default judgment being entered against Morris on October 4, 2007. Morris continued to call Glidewell following the entry of the default judgment, but Glidewell failed to return any of his calls. Eventually, Glidewell spoke with Morris and informed him that she would look into his case. During this time, Morris sought assistance from another attorney, Edward J. Smith. After learning that Glidewell had failed to file a timely answer, Morris informed Glidewell that she needed to file a motion for relief from the default judgment. Glidewell responded in emails on or about June 30, 2008, and July 1, 2008,

notifying Smith that she would file Morris's motion to set aside the judgment.

Not only did Glidewell fail to file this motion, but also, Glidewell was precluded from filing such a motion because during this time, she was suspended from the practice of law in this Commonwealth. On November 1, 2007, this Court had entered a confidential order suspending Glidewell for forty-five days for violating SCR 3.130–1.3, 1.4(a), 1.4(b), 1.16(d), and 8.1(b) during her representation of David Cook in a pending divorce action. Glidewell's 45–day suspension commenced on December 1, 2007, and this Court rendered an opinion in support of its order of suspension on December 20, 2007. *Kentucky Bar Association v. Glidewell* 241 S.W.3d 316 (Ky. 2007). Although suspensions lasting less than 181 days normally expire on their own terms pursuant to SCR 3.510, the KBA objected to Glidewell's automatic reinstatement on January 2, 2008. Following the KBA's objection, Glidewell and the KBA participated in a meeting on January 31, 2008, where the KBA reiterated that due to Glide well's pending disciplinary matters, she should remain suspended. The KBA maintains that Glidewell is, and has remained, suspended from the practice of law since this Court's final order on December 1, 2007.

On August 22, 2008, Morris filed a bar complaint against Glidewell. As with the previous complaint, due to Glidewell's invalid bar roster address, the bar complaint was served on the Executive Director of the KBA on December 17, 2008. Furthermore, despite a letter informing Glidewell of her duty to respond and a reminder letter sent on January 8, 2009, Glidewell never responded to Morris's bar complaint.

On May 6, 2009, the Inquiry Commission issued its ten count charge against Glidewell, alleging that she violated SCR 3.130–1.1 for failing to provide competent repre-

sentation to her client; SCR 3.130–1.3 for failing to act with reasonable diligence and promptness in representing her client; SCR 3.130–1.4(a) for failing to keep her client reasonably informed about the status of his case and failing to promptly comply with reasonable requests for information; SCR 3.130–1.4(b) for failing to explain a matter to the extent reasonable necessary to permit the client to make informed decisions about the representation; SCR 3.130–1.16(d) for failing to take the necessary steps to protect a client's interest upon the termination of the representation; SCR 3.130–3.4(c) for knowingly or intentionally disobeying an obligation under the rules of a tribunal; SCR 3.130–8.4(a) for violating or attempting to violate the Rules of Professional Conduct; SCR 3.130–8.4(c) for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; SCR 3.130–8.1(b) for knowingly failing to respond to a lawful demand for information from a disciplinary authority; and SCR 3.175(*l*)(a) by failing to maintain a current address with the Director of the KBA.

On July 10, 2009, the Board of Governors issued its findings of fact and conclusions of law. Although a majority of Board members agreed that Glidewell was guilty of nine of the counts charged in KBA File 16877, the Board was unable to reach the required eleven votes to find Glidewell guilty of violating SCR 3.130–8.4(c).[2] Thus, the KBA has sought review in this Court pursuant to SCR 3.370(8) to determine whether Glidewell is indeed guilty of violating this charge. Glidewell has not filed a reply brief to the KBA's position in this case. Having found that Glidewell was suspended from the practice of law when she represented to Smith that

she could file a motion to set aside Morris's default judgment, we agree with the KBA that Glidewell is guilty of violating SCR 3.130–8.4(c).

SCR 3.130–8.4(c) states that "[i]t is professional misconduct for a lawyer to: Engage in conduct involving dishonesty, fraud, deceit or misrepresentation." In its findings of fact, the Board of Governors stated that because there was no record of whether Glidewell's prior discipline of a 45–day suspension expired by its own terms or was opposed by the KBA, her status as a suspended attorney at the time of her June 30 and July 1, 2008 emails was unclear. In its current motion, the KBA asserts that due to its objection to Glidewell's automatic reinstatement on January 2, 2008, she was still suspended during the summer of 2008. *See KBA v. Angela Griffin Allen*, 13 S.W.3d 927 (Ky.2000) (holding that the KBA's objection to an attorney's automatic reinstatement because of her pending disciplinary matters extended the attorney's suspension, resulting in a violation of SCR 3.130–8.3(c) if that attorney attempted to practice law). As evidence of this fact, the KBA submitted a Certificate of Membership Status for Glidewell, which states that Glidewell remained suspended and maintained the status of a "former" member of the KBA from December 1, 2007 through August 9, 2009, the date of the Certificate. Therefore, Glidewell did engage in conduct involving dishonesty and misrepresentation when she, as an attorney who was still suspended from the practice of law, agreed to file a motion to set aside Morris's default judgment.

■ The KBA requests that after finding Glidewell guilty of violating SCR 3.130–8.4(c), this Court adopt the remainder of the Board's findings of fact, conclu-

---

**2.** According to SCR 3.370(6), the findings of fact and disciplinary recommendations must be agreed upon by eleven members of the

Board of Governors. Here, only ten members found Glidewell guilty of violating SCR 8.4(c), while seven members found her not guilty.

sions of law, and disciplinary recommendations pursuant to SCR 3.370(10). Because the factual allegations against Glidewell are not disputed and because the Board's recommendations are appropriate in light of Glidewell's prior discipline and her failure to respond to the charges against her, this Court grants the KBA's motion. This Court has imposed a 181–day suspension in the past against attorneys who have engaged misconduct similar to Glidewell's. *KBA v. Howard,* 279 S.W.3d 519 (Ky.2009) (suspending an attorney, who had previously been publicly reprimanded and suspended for 90 days, for 181 days for being found guilty of ten counts of professional misconduct involving three different clients); *KBA v. Grady,* 260 S.W.3d 784 (Ky.2008) (imposing a 181–day suspension on an attorney who had previously been suspended for failing to pay his bar dues and who committed six counts of professional misconduct, including violations of SCR 3.130–1.3, 1.4(a), 1.4(b), 3.4(c), and 8.3(c)). Therefore, it is hereby ORDERED that:

1. Luann C. Glidewell is guilty of all seventeen counts of professional misconduct as charged in KBA Files 16917 and 16877, including SCR 3.130–8.3(c) (now 8.4(c)).

2. Luann C. Glidewell is suspended from the practice of law in this Commonwealth for 181 days. The period of suspension shall commence on the date of entry of this order.

3. Pursuant to SCR 3.450, Luann C. Glidewell is directed to pay all costs associated with these disciplinary proceedings in the amount of $827.47 ($497.17 for KBA File 16917 and $330.30 for KBA File 16877), for which execution may issue from this Court upon finality of this Opinion and Order.

4. Pursuant to SCR 3.390, Luann C. Glidewell shall, within ten (10) days from the entry of this opinion and order, notify all clients, in writing, of her inability to represent them; notify, in writing, all courts in which she has matters pending of her suspension from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Glidewell shall immediately cancel and cease any advertising activities in which she is engaged.

All sitting. All concur.

ENTERED: October 29, 2009.

/s/ John D. Minton Jr.
Chief Justice