**KENTUCKY BAR ASSOCIATION,
Movant,**

v.

**Luann C. GLIDEWELL, Respondent.**

**No. 2009–SC–000695–KB.**

Supreme Court of Kentucky.

March 18, 2010.

### OPINION AND ORDER

On October 22, 2009, the Board of Governors of the Kentucky Bar Association filed with the Disciplinary Clerk its findings of fact, conclusions of law, and recommendations relating to Luann C. Glidewell's charges in KBA Files 14267 and 16200. Glidewell, who was admitted to practice law in this Commonwealth on October 17, 1991, and whose KBA member number is 83981, lists her bar roster address as 100 North Sixth Street, 5th Floor, Louisville, Kentucky, 40202. Following the Board's submission of its findings, neither Glidewell nor the KBA filed with this Court a notice to review the Board's decision pursuant to SCR 3.370(8), and this Court declines now to review the Board's

decision pursuant to SCR 3.370(9). Therefore, per SCR 3.370(10), we adopt the decision of the Board, find Glidewell guilty of violating SCR 3.130–1.5, 3.130–1.16(d), 3.130–3.4(c), and 3.130–5.5, and order Glidewell to be suspended from the practice of law in this Commonwealth for three years.

## KBA File 14267

■ KBA File 14267 relates to Glidewell's misconduct in charging an unreasonable fee and failing to return an unearned portion of her fee during her representation of Mr. Ernest W. Lovell, an inmate at the Kentucky State Prison in LaGrange. Ernest Lovell and his mother, Nancy Lovell, retained Glidewell to negotiate with the Kentucky Department of Corrections, pursue an early medical parole, and evaluate a possible Eighth Amendment claim in federal court. Ernest Lovell paid Glidewell $350 on July 25, 2005, and Nancy Lovell paid Glidewell $35,000 on August 5, 2005 to secure her representation. Glidewell's contract with the Lovells stated that "any unearned balance remaining in the retainer account at the termination of counsel's representation will be refunded to the client." On September 22, 2005, Glidewell withdrew the total amount paid by the Lovells from their trust account and paid that money to the firm. Although Glidewell made a note on the withdrawal that $26,360.48 was for her "Atty fee," no work had been done on the case to support this payment at the time it was made.

Glidewell and her partner, Mr. Barber, continued working on Ernest Lovell's case until May 2006, when Mr. Lovell died due to a heart condition. The billing records at that time indicated that the attorneys had earned a total of $11,665 of the retainer, with $126.17 in expenses. Although Glidewell had not refunded any of the un-

earned fee at the time the charges in this matter were filed by the Inquiry Commission, on August 21, 2009, Glidewell's former partner, Mr. Barber, refunded $23,548.83 to Nancy Lovell, which was the unearned portion of the fee.

On June 29, 2009, the Inquiry Commission issued a two-count charge against Glidewell for her misconduct in representing Mr. Lovell, alleging that she violated SCR 3.130–1.5 by charging an unreasonable fee and SCR 3.130–1.16(d) by failing to refund an unearned fee. Glidewell did not file an answer to this charge and her file proceeded to the Board of Governors as a default case.

## KBA File 16200

■ KBA File 16200 is based on Glidewell's failure to follow the orders of this Court after being temporarily suspended from the practice of law. On November 1, 2007, this Court entered a confidential order suspending Glidewell for forty-five days effective on December 1, 2007, and requiring her to pay restitution of $479.50 to Mr. David Cook. Once Glidewell's forty-five day suspension expired, the KBA filed an objection to her automatic reinstatement pursuant to SCR 3.510(2), which was granted. Despite Glidewell's initial suspension and the fact that she has remained suspended from the practice of law since December 1, 2007, she continued to practice law during this time period. Court records from the Jefferson Circuit Court, Jefferson District Court, and Shelby Circuit Court indicate that Glidewell made numerous filings and represented several litigants while she was suspended. Glidewell also advised and corresponded with clients and collected bills for her legal services during this period.

On June 29, 2009, the Inquiry Commission charged Glidewell with violating SCR 3.130–3.4(c), which prohibits attorneys

from disobeying the rules of a tribunal, and SCR 3.130–5.5, which prohibits attorneys from engaging in the authorized practice of law. Glidewell never filed an answer to these charges, and this KBA File came before the Board of Governors as a default case.

After deliberating on the charges in both of Glidewell's files, the Board determined by a vote of 17 to 0 that Glidewell was guilty of violating SCR 3.130–1.5 and SCR 3.130–1.16(d) as set forth in KBA File 14267, and concluded by a vote of 17 to 0 that she was guilty of violating SCR 3.130–3.4(c) and SCR 3.130–5.5 as set forth in KBA File 16200. In deciding what sanction to recommend for this misconduct, the Board noted Glidewell's forty-five day suspension and that she has remained suspended from the practice of law in this Commonwealth since December 2007; that two default cases against Glidewell came before the Board in June 2009, in which the Board recommended that Glidewell be suspended for 181 days; and that she received a private admonition on May 17, 2002. The Board then unanimously recommended that Glidewell be suspended from the practice of law in this Commonwealth for three years.

■ It is clear from the facts presented that Glidewell violated the four Rules of Professional Conduct as charged in KBA Files 14267 and 16200. Furthermore, because Glidewell failed to answer the charges submitted by the Inquiry Commission and failed to contest the Board's conclusions, she offers no defense or explanation for why this Court should not adopt the Board's finding of guilt. Thus, this Court agrees that Glidewell is guilty of violating SCR 3.130–1.5, 1.16(d), 3.4(c), and 5.5. Moreover, we agree that given Glidewell's prior disciplinary history, a three-year suspension is the appropriate sanction. *See KBA v. Burlew,* 281 S.W.3d 768 (Ky.2009) (imposing a three-year suspension on an attorney who was found guilty of several violations as set forth in three default KBA files and whose prior disciplinary history included several private admonitions and a 181–day suspension); *KBA v. Kaiser,* 814 S.W.2d 923 (Ky.1991) (imposing a three-year suspension on an attorney who was found guilty of eight separate counts in two default KBA files relating to her engaging in the unauthorized practice of law). Therefore, it is hereby ORDERED that:

1. Luann C. Glidewell is guilty of violating SCR 3.130–1.5 and SCR 3.130–1.16(d) as set forth in KBA File 14267, and SCR 3.130–3.4(c) and SCR 3.130–5.5 as set forth in KBA File 16200.

2. Luann C. Glidewell is suspended from the practice of law in this Commonwealth for three years. This period of suspension shall commence on the date of entry of this Opinion and Order.

3. Pursuant to SCR 3.450, Glidewell is directed to pay all costs associated with these disciplinary proceedings in the amount of $1,115.08, for which execution may issue from this Court upon finality of this Opinion and Order.

4. Pursuant to SCR 3.390, Glidewell shall, within ten (10) days from the entry of this opinion and order, notify all clients, in writing, of her inability to represent them; notify, in writing, all courts in which she has matters pending of her suspension from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Glidewell shall immediately cancel and

cease any advertising activities in which she is engaged.

All sitting. All concur.

ENTERED: March 18, 2010.

/s/ John D. Minton, Jr.
Chief Justice