**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Luann GLIDEWELL, Respondent.**

**No. 2011–SC–000206–KB.**

Supreme Court of Kentucky.

Aug. 25, 2011.

## OPINION AND ORDER

JOHN MINTON, Chief Justice.

The Respondent, Luann Glidewell, KBA Member Number 83981, whose Bar roster address is 100 N. 6th St., 5th Floor, Louisville, Kentucky 40202, and who was admitted to the Kentucky Bar on October 17, 1991, is alleged to have committed multiple violations of the Rules of Professional Responsibility. A trial commissioner appointed by the Chief Justice has heard the matter, found by a preponderance of the evidence that Respondent committed the violations, and recommended that Respondent be suspended from the practice of law for three years. This Court adopts the recommendation.

## I. Background

### A. KBA File 13184

Respondent was retained by Dwight Henning to represent him in a divorce action in April 2004. The representation continued until November 2004, at which time Respondent withdrew from the representation and Mr. Henning owed her approximately $2000 for services rendered.

During their marriage, Mr. Henning and his wife, Genella Shaheen, resided in a house that was her premarital property. As such, Mr. Henning could have claimed at most a marital contribution for improvements and equity from payments on the mortgage. However, Mr. Henning entered into a postnuptial agreement disclaiming any interest, marital or otherwise, in the property.

Nevertheless, Respondent filed a Notice of Attorney's Lien against the property in February 2005 in the amount of $2,228.20. In the notice, Respondent claimed that she still represented Mr. Henning. In April 2005, Mr. Henning and his wife entered into an agreement by which he would execute a quitclaim deed conveying any interest in the property he might have to her. This agreement was incorporated into the couple's divorce decree, which was entered in May 2005. The Respondent never represented Ms. Shaheen and no longer represented Mr. Henning when she filed the lien.

Ms. Shaheen repeatedly asked Respondent to remove the lien, but she refused to do so. Eventually, she sued Respondent and, after mediation, received $12,500 in damages. Respondent removed the lien after the mediation. Ms. Shaheen testified at the disciplinary hearing that she had tried to refinance her home when the lien was attached, but was unable to do so because of the lien.

These actions led the Inquiry Commission in October 2006 to issue a two-count charge against Respondent alleging violations of SCR 3.130–4.4 [1] and SCR 3.130–8.3(b).[2] Respondent filed an answer to the charge in December 2006 and a supplemental answer in April 2008.

### B. KBA File 13535

Respondent represented Bradley Critchelow in a civil matter. The trial commissioner's report does not include any details

---

1. SCR 3.130–4.4(a) currently reads: "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person." At the time of the violation, it read: "In representing a client, a lawyer shall not knowingly use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or knowingly use methods of obtaining evidence that violate the legal rights of such a person."

2. At the time, SCR 3.130–8.3(b) read: "It is professional misconduct for a lawyer to ... commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects...." It is now codified at SCR 3.130–8.4(b).

about the representation. Mr. Critchelow filed a bar complaint against Respondent in October 2005. A copy of the complaint was mailed to Respondent's bar roster address, but someone other than her signed for it. Respondent did not reply to the complaint. Respondent was personally served a copy of the complaint by the Jefferson County Sheriff in December 2005. Included with the complaint was a letter from the disciplinary clerk advising her that the Inquiry Commission needed more information and that a failure to respond could result in further misconduct charges under SCR 3.130–8.1.[3] She did not respond to the complaint or letter. After another letter and multiple conversations with deputy bar counsel, Respondent still failed to respond.

As a result, in April 2007, the Inquiry Commission issued a five-count charge against Respondent, alleging four substantive rules violations and a count of violating SCR 3.130–8.1(b). Respondent subsequently provided information in her defense. The Inquiry Commission dismissed the substantive charges, but issued an amended charge retaining the alleged 8.1(b) violation.

### C.  KBA File 14856

Respondent represented Bruce Hall in a divorce matter. He filed a bar complaint against her in December 2006. As with the complaint in KBA File 13535, service by mail was attempted, personal service was successful, but no response was filed despite repeated reminders and requests for additional information.

In January 2008, the Inquiry Commission issued a six-count charge, alleging five substantive violations and a violation of SCR 3.130–8.1(b). Again, Respondent provided information in defense of the substantive charges after the issuance of the charge. And again, the commission dismissed the substantive charge, issuing an amended charge containing only the 8.1(b) violation.

### D.  Trial Commissioner's Findings and Recommendation

■■■ The three charges were consolidated and assigned to a trial commissioner in April 2010. The commissioner held a hearing on the matter in December 2010. The respondent was notified of the hearing but did not appear or file a post-hearing brief. At the hearing, Bar Counsel presented the testimony of Genella Shaheen and various documentary exhibits, including Respondent's eventual responses and answers to the bar complaints and charges. The trial commissioner found by a preponderance of evidence that Respondent committed all the remaining allegations of misconduct.

Respondent violated SCR 3.130–4.4, which bars a lawyer from using means that have no substantial purpose other than to embarrass, delay, or burden a third person, by filing an improper lien and then refusing to remove it. She violated SCR 3.130–8.3(b), which bars criminal conduct reflecting on honesty and fitness as a lawyer, by filing an illegal lien. KRS 434.155 states that "a person is guilty of filing an illegal lien when he files a document or lien

---

**3.** SCR 3.130–8.1 currently reads:

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
  (a) knowingly make a false statement of material fact; or

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

that he ... should have known was ... groundless, contained a material misstatement, or was a false claim. ... Filing an illegal lien is a Class D felony." Though Respondent has not been prosecuted or convicted for violating KRS 434.155, such a prosecution or conviction is not a prerequisite for finding a violation of the rules of professional conduct, which need only "be proven by a preponderance of the evidence." SCR 3.330.[4] As the trial commissioner noted, "Respondent knew or should have known that the lien she filed was groundless, contained a material statement, or was a false claim, the filing of which was a Class D felony. Certainly, Respondent's failure to remove the lien until she was sued establishes at the very least that she left the lien in place for an improper purpose, i.e., to leverage payment from her client who she by that time knew had no interest in the property."

Respondent violated SCR 3.130–8.1(b), which bars an attorney from failing to respond to a lawful demand for information by a disciplinary authority, by failing to respond to the bar complaints and requests for information until well after the Inquiry Commission had gone so far as to issue formal charges.

After making these findings, the trial commissioner noted that an attorney can be disciplined for violating SCR 3.130–8.1(b) alone, see, e.g., Kentucky Bar Ass'n v. Miniard, 289 S.W.3d 191, 193 (Ky.2009), in addition to more substantive violations,

---

4. The rules also anticipate that any criminal conviction will lead to disciplinary proceedings. See SCR 3.320 ("When any member of the Association has been convicted of a felony or class 'A' misdemeanor, a copy of the judgment shall be filed by the Respondent and the attorney prosecuting the case to a plea of guilty, or conviction by judge or jury, with Bar Counsel for action under SCR 3.160. Bar Counsel shall submit copies of the judgment to the Inquiry Commission which may take action under SCR 3.165."); SCR 3.166(2), (6)("(2) The attorney prosecuting the case to a plea of guilty, conviction by judge or jury or entry of judgment, whichever occurs first, shall immediately notify the Director of the Kentucky Bar Association and the Clerk of the Supreme Court that such plea, finding or entry of judgment has been made. ... (6) Disciplinary proceedings against such attorney shall be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless the suspended attorney resigns under terms of disbarment."). And any serious conviction results in automatic suspension. See SCR 3.166(1) ("Any member of the Kentucky Bar Association who pleads guilty to a felony, including a no contest plea or a plea in which the member allows conviction but does not admit the commission of a crime, or is convicted by a judge or jury of a felony, in this State or in any other jurisdiction, shall be automatically suspended from the practice of law in this Commonwealth. "Felony" means an offense for which a sentence to a term of imprisonment of at least one (1) year is authorized by law. The imposition of probation, parole, diversion or any other type of discharge prior to the service of sentence, if one is imposed, shall not affect the automatic suspension. The suspension shall take effect automatically beginning on the day following the plea of guilty or finding of guilt by a judge or jury or upon the entry of judgment whichever occurs first. The suspension under this rule shall remain in effect until dissolved or superseded by order of the. Court. Within thirty (30) days of the plea of guilty, or the finding of guilt by a judge or jury, or entry of judgment, whichever occurs first, the suspended attorney may file a motion with the Clerk of the Supreme Court of Kentucky setting forth any grounds which the attorney believes justify dissolution or modification of the suspension."). These provisions, however, do not bar disciplinary proceedings related to perceived or alleged criminal conduct that has not been prosecuted or that has resulted in not-guilty verdict. Neither the exercise of a prosecutor's discretion not to pursue criminal charges nor a finding based on a much higher burden of proof can bar this Court's duty to regulate the legal profession. A question remains, however, whether a finding at a lower level of proof, specifically probable cause, could collaterally bar disciplinary proceedings.

and that aggravating factors can "justify an increase in the degree of discipline imposed on an attorney." *Kentucky Bar Ass'n v. Bierbauer,* 282 S.W.3d 318, 323 (Ky.2009). The commissioner then pointed out multiple aggravators that included "the fact that this proceeding represents multiple offenses, vulnerable victims and a pattern of misconduct." Further aggravating Respondent's situation was her history of prior misconduct and discipline, which includes a partly probated 45–day suspension in 2007, *Kentucky Bar Ass'n v. Glidewell,* 241 S.W.3d 316, 317 (Ky.2007); a 181–day suspension in 2009, *Kentucky Bar Ass'n v. Glidewell,* 297 S.W.3d 564, 568 (Ky.2009); and a three-year suspension in 2010, *Kentucky Bar Ass'n v. Glidewell,* 307 S.W.3d 625, 627 (Ky.2010). These suspensions were for a host of ethical violations, including dishonest conduct, continuing to practice law while suspended, and another instance of improperly filing an attorney's lien against property not owned by her client. In light of these aggravating circumstances, the trial commissioner recommended a three-year suspension.

## II. Adoption of Recommendation and Order

No appeal of the trial commissioner's recommendation, as allowed under SCR 3.360, .365, and .370, was sought, either by Respondent or Bar Counsel. As a result, this matter was submitted directly to this Court without going before the Board of Governors. *See* SCR 3.360(4). Because the trial commissioner's findings and conclusions are supported by the record and the law, and because the recommended sanction is appropriate in light of Respondent's extensive history of prior discipline for serious ethical violations and the seriousness of the charges, this Court elects not to review the recommendation of the trial commissioner as allowed under SCR 3.370(9). The recommendation of the trial commissioner is therefore adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, Luann Glidewell, is found guilty of having committed multiple violations of the Rules of Professional responsibility as described above.

(2) Respondent is suspended from the practice of law in the Commonwealth of Kentucky for three years, with said suspension to be consecutive to any other previously imposed suspension.

(3) To the extent necessary, since she is already suspended from the practice of law, Respondent shall, within 10 days from the entry of this opinion and order, notify all clients, in writing, of her inability to represent them; notify, in writing, all courts in which she has matters pending of her suspension from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, she shall immediately cancel and cease any advertising activities in which she is engaged.

(4) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $665.87, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 25, 2011.

/s/ John D. Minton, Jr.

/s/ Chief Justice