**KENTUCKY BAR ASSOCIATION,**
**Petitioner**

v.

**Robert M. BEAL, Respondent.**

**No. 2005–SC–0620–KB.**

Supreme Court of Kentucky.

Oct. 20, 2005.

**244**

Bruce K. Davis, Executive Director, Jay R. Garrett, Kentucky Bar Association, Frankfort, KY, Counsel for Appellant.

Robert Mark Beal, Louisville, KY, Counsel for Appellee.

## OPINION AND ORDER

Robert Beal, KBA No. 03887, whose last bar roster address was P.O. Box 70051, Louisville, KY, 40270, was admitted to practice on October 25, 1982.

In March 2003, the Inquiry Commission received a complaint from an individual alleging that Beal had abandoned representation of the client in the middle of adversarial proceedings. The investigation revealed that Beal had accepted representation of a client facing non-wage garnishments and possible liens against property in a collection action. At the time of retaining the client agreement, the client was already in default in answering a Non–Wage Garnishment Order and the sum of $2300 had been paid to the judgment creditor from the client's bank account. Beal filed an appropriate motion to set aside the default order, resulting in the order being set aside in part and granting additional time to respond to the original Non–Wage Garnishment Order.

Beal failed to make any further appearances or filings on behalf of his client. As a result of this failure, a motion to reinstate the judgment was filed by the adverse party. Beal did not file any response to either motion. The reinstatement was granted resulting in a judgment against the client for the amount of $13,232.21. Beal failed to respond to any of these actions.

Upon notification of another levy against his bank account, the client became aware of Beal's inaction. The client immediately retained new counsel and filed the complaint.

On May 17, 2004, the Inquiry Commission served Beal with a copy of the Bar Complaint by certified mail. On September 3, 2004, a reminder letter was sent because no response had been received. On December 28, 2004, with no response from Beal, the Inquiry Commission filed a four count Charge against Beal.

On January 26, 2005, Beal was notified by certified letter of the following four disciplinary charges filed.

Count I alleged violation of SCR 3.130–1.3, failure to diligently represent his client by failing to answer a garnishment order and failure to respond to correspondence from opposing counsel.

Count II alleges violation of SCR 3.130–1.4(a) and (b) for failure to keep the client reasonably informed about the status of a matter, failure to comply with reasonable requests for information, and failure to

adequately explain the matter to his client by failing to respond to numerous phone calls from the client and by failing to inform and explain to the client that motions to reinstate the garnishment order had been filed that could result in the client being held in contempt of the garnishment order again.

Count III alleges violation of SCR 3.130–1.1 for failure to provide competent representation to his client by failure to respond to a motion and failure to answer a garnishment order.

Count IV alleges violation of SCR 3.130–8.1(b) for failure to respond to a lawful demand for information from a Disciplinary Authority.

Beal failed to respond to any of these charges.

On January 27, 2005, Beal was suspended for non-payment of bar dues. On February 17, 2005, this Court entered an order privately reprimanding Beal for violation of SCR 3.130–8.1(b) for failure to respond. On March 11, 2005, the Board found Beal guilty on another count of SCR 3.130–8.1(b).

The Board of Governors found Beal guilty on each count of the instant charge by a vote of 17–0 for each count. They concluded that Beal undertook representation of a client and then failed to timely file appropriate pleadings that caused the client to be held in contempt of the court and in default. Additionally, Beal failed to keep his client reasonably informed of the events which had transpired including the contempt findings as well as the levy of substantial sums in the client's bank account.

On the matter of appropriate discipline, the Board recommended by 15 votes to suspend Beal from the practice of law for 60 days. One vote recommended a 30–day suspension and there was one abstention.

Based on the foregoing, we find that Beal's lack of response to the instant charges coupled with the nature of the violations presents a cause for temporary suspension under SCR 3.165(1)(b), which provides that a suspension is appropriate where "it appears that probable cause exists to believe that an attorney's conduct poses a substantial threat of harm to his clients or to the public."

THEREFORE, IT IS HEREBY ORDERED as follows:

(1) Respondent, Robert M. Beal, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of sixty (60) days.

(2) In accordance with SCR 3.450 and SCR 3.480(3), respondent is directed to pay all costs associated with this disciplinary proceeding against him in the amount of $206.40, for which execution may issue from this Court upon finality of this order.

(3) Pursuant to SCR 3.390, respondent is hereby ordered to provide notice to any clients, if applicable, he currently represents, of his inability to provide further legal services, to notify all courts in which he has matters of his pending suspension and to provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

(4) This suspension shall run immediately from the date of this Order and concurrent to any other disciplinary suspension affecting Beal.

All concur.

ENTERED: October 20, 2005.

/s/ Joseph E. Lambert
Chief Justice