**KENTUCKY BAR ASSOCIATION,**
Appellant,

v.

**David S. O'BRIEN KBA Member
No. 52223, Appellee.**

No. 2006–SC–000571–KB.

Supreme Court of Kentucky.

Nov. 22, 2006.

As Corrected Nov. 29, 2006.

## OPINION AND ORDER

Respondent, David S. O'Brien, was admitted to the practice of law in Kentucky in October of 1976. His bar roster address is 125 South Sixth Street Louisville, Kentucky, 40202. In May 1990, he was suspended from the practice of law for CLE noncompliance and nonpayment of Bar dues, but was reinstated in June of 1990. Prior to the disciplinary proceeding here, in January 2002, he received a private admonition from the Inquiry Commission for receiving $100.00 from a client to modify child support but not performing the work. After the client filed a bar complaint, he returned the $100.00 and filed a motion to modify child support, which was granted.

The complaint in this proceeding arose when Mr. O'Brien was paid $546.00 in cash from his client, Mr. White, to have his criminal record expunged. O'Brien did not perform any work for Mr. White and he did not respond to two certified letters mailed to him by Mr. White. Thereafter, Mr. White filed a bar complaint against O'Brien.

On August 8, 2005, O'Brien was served with a copy of the complaint. He did not respond. On September 14, 2005, he was again served a copy of the complaint. He did not file a response. On November 10, 2005, O'Brien was served with a copy of a warning letter of a bar complaint. He did not file a response. On December 8, 2005, O'Brien was served with another copy of the warning letter. He did not respond.

On January 30, 2006, the Inquiry Commission issued a five-count charge against O'Brien charging him with violations of SCR 3.130–1.3 (diligence), SCR 3.130–1.4 (communication), SCR 3.130–1.16(d) (failure to refund unearned fees), SCR 3.130–8.1(b) (knowingly failing to respond to a lawful demand for information from disciplinary authority) and SCR 3.130–8.3 (conduct involving dishonesty, fraud, deceit or misrepresentation).

On March 6, 2006, O'Brien was served with a copy of the charge by the Jefferson County Sheriff's Office. O'Brien failed to answer the charge. The case was submitted to the Board of Governors as a default on May 19, 2006. Its findings of fact, conclusions of law, and its recommendations were filed on August 9, 2006. The Board of Governors found O'Brien guilty by a vote of 14 to 0 of each counts I, II,

III, and IV. The Board voted 14 to 0 that O'Brien was not guilty of count V.

However, the Board was divided equally, a vote of 7 to 7, regarding the appropriate sanction. Seven board members recommended a ninety (90) day suspension with full restitution to the client. The other seven members of the Board voted for a punishment consisting of a fifty-nine (59) day suspension and full restitution to the client. A sanction of less than sixty-one (61) days would not require the Respondent to notify his clients of his misconduct under SCR 3.390. The primary basis for the split vote centered around the weight given to the prior discipline O'Brien had received.

O'Brien has not filed his client's petition for expungment, since retained in March of 2004, and has refused to reimburse Mr. White for the services that he paid for that have not been performed. After review of the appropriate law, a ninety (90) day suspension is proper.

In *KBA v. Chinn*, 84 S.W.3d 458 (Ky. 2002), the Respondent was suspended for two years when he failed to act with reasonable diligence and promptness on behalf of his client in a bankruptcy case, failed to keep the client reasonably informed about the status of her bankruptcy matter, failed to comply promptly with the client's reasonable requests for information, and failed to refund the unused portion of the advance attorney fee after he terminated the representation. The respondent there had been suspended previously for thirty days for violating SCR 3.130–1.4(a) and 1.16(d).

In *KBA v. Beal*, 173 S.W.3d 243 (Ky. 2005), the Respondent was suspended for sixty days when he failed to act diligently in representing a client in defense of a collection action, failed to keep his client reasonably informed of the status of the matter, and failed to respond to disciplin-

ary charges. He had also been previously disciplined by a public reprimand for a single violation of SCR 3.130–8.1(b).

The case at hand is very similar to those cases. The Board of Governors unanimously voted that O'Brien failed to act diligently, failed to communicate with his client, failed to refund unearned fees, and failed to respond to disciplinary authority. His prior charge was the same as one of the charges here—taking money from a client and not performing the work retained for. He was repeatedly sent notices and warnings from his client and the KBA, but did not respond until almost a year later. He has not returned the money to Mr. White, or in the alternative, performed the duties in which he was retained to do.

Therefore, after review of the Board of Governor's recommendations and applicable law, the appropriate discipline in this matter is a ninety (90) day suspension.

Thus, it is ORDERED that:

1). Mr. O'Brien is hereby suspended from the practice of law for ninety (90) days. This period of suspension shall commence upon the date of entry of this Opinion and Order.

2) Mr. O'Brien is to pay restitution to Mr. White in the amount of $546.00 within thirty (30) days of the entry of this Opinion and Order.

3) In accordance with SCR 3.450, Mr. O'Brien shall pay the certification of costs in the amount of $216.00, from which execution may issue from this Court upon finality of the Opinion and Order.

4) In accordance with SCR 3.390, Mr. O'Brien shall, within ten (10) days from the entry of this Opinion and Order: (a) to the extent possible, cease and desist any advertising activities in which he is engaged; and (b) notify, in writing, all courts

in which he may have matters pending, and all clients, of his inability to provide further legal services for the period of suspension, and furnish the Director of the Kentucky Bar Association with a copy of all such letters.

All concur.

ENTERED: November 22, 2006.

/s/ Joseph E. Lambert
Chief Justice