TO BE PUBLISHED

# Supreme Court of Kentucky

## 2009-SC-000016-KB

FINAL
DATE 5/5/09 *Kelly Ilabor* D.C.

KENTUCKY BAR ASSOCIATION          MOVANT

V.          IN SUPREME COURT

R. ALLEN MCCARTNEY          RESPONDENT

## OPINION AND ORDER

### I. Introduction

The Board of Governors of the Kentucky Bar Association (KBA) recommends that Respondent, R. Allen McCartney, KBA Member No. 81530, be permanently disbarred from the practice of law in the Commonwealth of Kentucky. This recommendation stems from the Board of Governors' review of three (3) Charges against McCartney: KBA file numbers 14953, 15694, and 16034. McCartney, who was licensed to practice law in 1986, maintains his Bar Roster Address at 8700 Westport Road, Suite 209, Louisville, Kentucky 40242-3100. The recommendation also takes into account McCartney's history of discipline, which includes a suspension for non-payment of bar dues entered December 1, 2005; and a one (1) year suspension with conditions entered September 20, 2007. Having reviewed the record and finding that the Board of Governors' findings of fact and conclusions of law are well-taken, we adopt the Board of Governors' recommendations.

## II. Background

In each case, the initial complaints sent by certified mail to McCartney's Bar Roster Address were returned as unclaimed. Personal service was then attempted through the Jefferson County Sheriff's Department. Finally, the complaints were served on McCartney via the Executive Director of the KBA pursuant to SCR 3.175(2). When McCartney failed to respond to any of the complaints, the Inquiry Commission issued a Charge in each of the three (3) cases. Following the pattern set out above, repeated attempts to serve McCartney directly with the Charges proved unsuccessful. As a result, the Charges were served on the Executive Director of the KBA. See SCR 3.175(2). McCartney made no answer to any of the Charges.

The history of each of the three (3) Charges is set out below:

### KBA File Number 14953

On August 19, 2008, the Inquiry Commission charged McCartney with seven (7) counts of violations of the Kentucky Supreme Court Rules as follows: SCR 3.130-1.3 (lack of diligence); SCR 3.130-1.4(a) (lack of adequate communication with a client); SCR 3.130-1.15(a) (failure to safeguard client funds); SCR 3.130-1.15(b) (failure to provide an accounting of client funds); SCR 3.130-1.16(d) (failure to protect a client's interests upon termination); SCR 3.175(1)(d) (failure to keep a current Bar Roster Address); and SCR 3.130-8.1(b) (failure to respond to an inquiry from a disciplinary authority).

The violations set out in KBA File Number 14953 arose from McCartney's representation of Jennifer Lantz and her husband. McCartney was retained to handle a real estate transaction. McCartney filed suit on behalf of the sellers

2

against the real estate agent and the buyers. In late 2004, mediation led to a settlement with the real estate agent. The settlement check in the amount of $5,000.00 was made payable to the clients and to McCartney. Once the clients negotiated the check, McCartney told them he would place the funds in his escrow account.[1] At that time, McCartney led the clients to believe he would prepare a deed and get it signed so as to transfer the property in question back into their names. There is no indication McCartney ever pursued the claim against the buyers. What is known is that McCartney failed to prepare the deed and he failed to get the property transferred to his clients. However, McCartney did provide Jennifer Lantz and her husband with a bill for $6,025.00.

When no further action took place in the case, the clients requested a refund of the unearned fee and a full accounting. McCartney failed to respond to the request. In September of 2005, the clients sent several e-mails to McCartney requesting that he withdraw from the case, provide a refund of the unearned advance, and provide an accounting. Again, McCartney made no response. On October 4, 2005, the clients sent a certified letter to McCartney's office. However, McCartney never signed for the letter. Finally, on November 15, 2005, the clients went to McCartney's office. Upon arrival, they found the office vacant. The clients were informed by another tenant that McCartney had been gone for four weeks or more.

All totaled, Jennifer Lantz and her husband paid McCartney $10,320.00. They acknowledge receiving a bill for $6,025.00. Further, they admit services

---

[1] This $5,000.00 was added to an advance of $5,320.00 already paid to McCartney.

3

may have been provided after the date of the original bill. Yet, McCartney never submitted a bill for the additional funds. To date, McCartney has failed to: (1) refund any unearned portion of the advance; (2) assert any claim to the additional funds; (3) provide an accounting as requested; or (4) communicate with his clients despite repeated attempts on their part to contact him. Further, having abandoned his office (his original Bar Roster Address), McCartney has failed to provide the KBA with a current Bar Roster Address.

## KBA File Number 15694

On July 11, 2008, the Inquiry Commission charged McCartney with four (4) counts of violations of the Kentucky Supreme Court Rules as follows: SCR 3.130-1.3 (lack of diligence); SCR 3.130-1.4(a) (lack of adequate communication with a client); SCR 3.130-1.16(d) (failure to protect a client's interests upon termination); and SCR 3.130-8.1(b) (failure to respond to an inquiry from a disciplinary authority).

The violations set out in KBA File Number 15694 arose from McCartney's representation of Carl Weiss in defense of a claim of back rent. Weiss retained McCartney on or about May 12, 2005. Weiss paid an advance of $1,000.00. McCartney entered an appearance in the case and filed an Answer on Weiss' behalf. After a long period in which Weiss failed to hear from McCartney, Weiss made several unsuccessful attempts to contact McCartney.

In May of 2006, Weiss was contacted by plaintiff's attorney. The attorney informed Weiss that McCartney had failed to respond to his attempts to communicate with him concerning the case. Further, the attorney informed Weiss that judgment had been entered against him in the amount of

$22,000.00. Since filing the Answer, McCartney has failed to provide Weiss with any information concerning the case. In fact, McCartney has made no further contact with Weiss.

Facts later established that McCartney abandoned his office in November of 2005. McCartney took this action without ever informing Weiss of his intent to cease practicing law.

### KBA File Number 16034

On July 11, 2008, the Inquiry Commission charged McCartney with five (5) counts of violations of the Kentucky Supreme Court Rules as follows: SCR 3.130-1.3 (lack of diligence); SCR 3.130-1.4(a) (lack of adequate communication with a client); SCR 3.130-1.5 (unreasonable fee); SCR 3.130-1.16(d) (failure to protect a client's interests upon termination); and SCR 3.130-8.1(b) (failure to respond to an inquiry from a disciplinary authority).

The violations set out in KBA File Number 16034 arose from McCartney's representation of Michael Semke in a real estate matter. While the parties agreed Semke would be billed at an hourly rate of $250.00, Semke also made advance payments totaling $3,000.00 in the first three months. After further discussions, Semke agreed to make one payment of $10,000.00 in order to make up the advance required by McCartney. As part of the agreement, McCartney indicated that the $13,000.00 then in his control would be sufficient, with a final balance due at the conclusion of the case. In August of 2005, McCartney contacted Semke and informed him that an additional $10,000.00 advance would be required. When McCartney threatened to leave

the case if the payment was not made, Semke agreed to pay an additional advance of $8,500.00.

During this time, a McCartney filed a lawsuit on Semke's behalf. In May of 2005, McCartney informed Semke that one of the defendants had filed for bankruptcy which would cause the case to be delayed. McCartney indicated he would inform Semke when the bankruptcy case was resolved. From that point forward, Semke had only sporadic contact with McCartney. Finally, in September of 2005, Semke met with McCartney. McCartney assured him he would resume work on the case once the bankruptcy was resolved. That proved to be the last contact McCartney had with Semke.

In December of 2005, Semke received notice from the Bankruptcy Court that the action had been dismissed. Semke made attempts to contact McCartney. He received no response to repeated calls to McCartney's cell phone. Further, his e-mails went unanswered and the office phone was disconnected. When Semke failed to hear from McCartney by January of 2006, he went to McCartney's office. Upon arrival, he found the office had been vacated. He was also informed by another tenant that McCartney had left in November of 2005.

**Board Action**

As McCartney has failed to respond to any of the three Charges brought against him, the Board of Governors heard the case on November 21, 2008, as default cases pursuant to SCR 3.210. With a unanimous vote of 18-0, the Board of Governors found sufficient evidence to find McCartney had committed each of the violations set out in KBA File Numbers 14953, 15694, and 16034.

In considering the appropriate penalty, the Board of Governors reviewed McCartney's past discipline. In light of the totality of the circumstances, a motion was made and seconded to recommend permanent disbarment. The Board of Governors adopted the motion by a vote of 18-0.

### III. Conclusion

Given McCartney's actions in the three Charges making up this case, as well as his past disciplinary history for improper conduct, we believe the Board of Governors' recommendation of permanent disbarment is fully justified. McCartney has not sought review under SCR 3.370(8), nor do we elect to review the decision of the Board of Governors under SCR 3.370(9). Therefore, the decision of the Board of Governors is adopted in accordance with SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1)     R. Allen McCartney, KBA Member No. 81530, is permanently disbarred from the practice of law in the Commonwealth of Kentucky.

(2)     McCartney, in accordance with SCR 3.390, shall, within ten (10) days from the entry of this Opinion and Order: notify all clients, in writing, of his inability to represent them; notify all courts, in writing, in which he has matters pending, of his disbarment from the practice of law; and furnish copies of said letters of notice to the Executive Director of the KBA. Further, to the extent possible, McCartney shall immediately cancel and cease any advertising activities in which he is engaged.

(3)     In accordance with SCR 3.450, McCartney is directed to pay all costs associated with these disciplinary proceedings in the amount of

7

$1,062.36, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 23, 2009.

_____
CHIEF JUSTICE