**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Joshua Michael ROBINSON,**
Respondent.

**No. 2010–SC–000569–KB.**

Supreme Court of Kentucky.

Nov. 18, 2010.

---

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended that Joshua Michael Robinson (KBA No. 89189) be suspended from the practice of law for thirty days for ethical violations charged in KBA File No. 17240. Robinson was admitted to practice law in Kentucky in 2002 but was suspended by order of this Court for non-payment of bar dues in December 2008 and has never been restored to membership. According to the Board, Robinson was also automatically suspended on April 20, 2010, under Kentucky Rules of Supreme Court (SCR) 3.166,[1] after entering a guilty plea to a charge of Unlawful Wounding (a felony offense)[2] in

1. SCR 3.166(1) provides, in pertinent part, that:

> Any member of the Kentucky Bar Association who pleads guilty to a felony ... in this State or in any other jurisdiction, shall be automatically suspended from the practice of law in this Commonwealth.... The suspension shall take effect automatically beginning on the day following the plea of guilty or finding of guilt by a judge or jury or upon the entry of judgment whichever occurs first.

> Robinson entered his guilty plea to the charge of Unlawful Wounding on April 19, 2010.

> We note that SCR 3.166(6) provides that "[d]isciplinary proceedings against such attorney shall be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless the suspended attorney resigns under terms of disbarment." The record before us does not disclose whether the Inquiry Commission has initiated separate disciplinary proceedings arising out of Robinson's guilty plea to the Unlawful Wounding charge.

2. According to the West Virginia state court judgment, an Unlawful Wounding conviction could subject a defendant to a one to five year sentence of imprisonment under West Virginia law. SCR 3.166(1) defines a *felony* as "an offense for which a sentence to a term of imprisonment of at least one (1) year is authorized by law."

a West Virginia state court. Robinson's bar roster address is listed as: 271 West Short Street, Suite 512; Lexington, Kentucky 40507. We agree with the Board's recommendation.

On March 31, 2008, Lloyd Hallock paid Robinson $500.00 in cash to represent him in a case before the Madison District Court. Hallock also paid Robinson an additional $500.00 in cash before May 15, 2008. Hallock tried unsuccessfully several times to contact Robinson by telephone about the status of his case.[3] Robinson sent Hallock some text messages that did not provide significant information about the case or any work that Robinson was doing on it. Robinson missed a scheduled court hearing on at least one occasion. Ultimately, he never appeared in court on Hallock's behalf. Hallock hired another attorney to represent him in the Madison District Court case.

Shortly after Robinson was suspended for failure to pay bar dues in early December 2008, Hallock filed against Robinson a bar complaint, which the KBA received around the end of December 2008. Robinson responded to the bar complaint and

provided a letter from Hallock in which Hallock indicated that Robinson had refunded $700.00 to Hallock and that Robinson had done some work on Hallock's case that Hallock was unaware of when he filed the bar complaint. The letter also indicated that Hallock did not wish to go forward with his bar complaint after receiving the partial refund, which he characterized as "reasonable given the circumstances of our dispute." The KBA contacted Hallock about the partial refund; and, according to a KBA memorandum in the record, "Mr. Hallock indicated that while he was generally not happy about it all, he did take what he could get as a refund."

Despite Hallock's purported wish not to proceed with the bar complaint, the Board states that "[o]nce a complaint is filed and investigated, consistent with SCR 3.160(1), the matter will be presented to the Inquiry Commission. A post-complaint 'understanding' between a Complainant and a Respondent does not alter the requirements of SCR 3.160(1)."[4]

As proceedings continued, the KBA made numerous attempts to request docu-

---

3. The Board's findings indicate that Hallock tried several times to contact Robinson by telephone without clearly stating whether attempts to contact Robinson by telephone were successful and that Robinson sent Hallock text messages that did not impart any significant information about Hallock's case. Robinson filed a response to the bar complaint in which he disputed allegations that he never answered his telephone, but he did not file an answer to the charge lodged against him. It appears to us that the Board implicitly found that Hallock's attempts to obtain significant information on his case by calling Robinson on the telephone were unsuccessful and that Robinson's **only** response to Hallock's repeated attempts to reach him by telephone was to send text messages that did not impart significant information about Hallock's case. We reach this conclusion, in part, because Robinson filed no response to the charge.

4. SCR 3.160(1) states:

After review by Bar Counsel pursuant to subparagraph (3) of this Rule, any sworn written statement of complaint against an attorney for unprofessional conduct shall be filed with the Disciplinary Clerk who shall promptly notify the attorney by certified mail, sent to the address maintained by the Director pursuant to SCR 3.175, or other means consistent with the Supreme Court Rules and Civil Rules, of the complaint, and that he/she has twenty (20) days to respond to the complaint. Upon completion of the investigation by the Office of Bar Counsel the matter shall be assigned to an Inquiry Commission panel by rotation.

SCR 3.160(3) requires Bar Counsel to determine, among other matters, if the matter can be appropriately resolved by alternative disposition and if the complaint states an ethical violation.

mentation from Robinson, serve him with the Complaint and the Charge, and remind him of his obligation to file an answer. Despite apparent difficulties in serving or locating Robinson, Robinson eventually communicated with the KBA by telephone and indicated he would file a motion for leave to file a late answer; but, as the Board noted in its findings of fact, Robinson never filed an answer to the Charge:

By letter dated August 25, 2009, [Robinson] was requested to provide specific documentation regarding the account in which he deposited the advance fee paid by Mr. Hallock. The mailing sent to [Robinson's] bar roster address was returned unclaimed on September 14, 2009. Service by Sheriff of the request and reminder letter was unsuccessful and was returned on October 7, 2009. Service was made upon the Executive Director on October 14, 2009, resulting in mailings to [Robinson's] bar roster address and an alternate address being returned on October 18 and 23, 2009.

The request and reminder letter were signed for and by [Robinson] at an alternate address in Charleston, West Virginia, on November 12, 2009. [Robinson's] bar roster address remains the address in Lexington, Kentucky[,] as reflected on his Response to the Complaint received June 1, 2009. Both the initial request for information and reminder letter informed Respondent that his failure to respond to the request for information could result in an additional charge of misconduct under SCR 3.130–8.1(b). Respondent did not tender a written response to the letter requesting information regarding where the advance fee received from Mr. Hallock had been deposited.

### Service

The Complaint was mailed to [Robinson] on January 14, 2009[,] and was signed for by someone other than [Robinson.] Service by Sheriff was initiated on March 13, 2009, and while not returned, was acknowledged by [Robinson] in his Response filed June 1, 2009.

The Charge was sent to [Robinson's] alternate address in Charleston, West Virginia, on March 26, 2010[,] and was returned unclaimed. Because the Sheriff's earlier return of the investigative letter reflected that [Robinson] was "Not Found in Fayette County" at his bar roster address, the Charge was also served on [Robinson] by Executive Director, pursuant to SCR 3.175(2)[,] on March 26, 2010[,] at his bar roster address. The Executive Director's return of service reflects that delivery was not successful. When an Answer was not timely filed, a reminder letter was sent to [Robinson] on April 15, 2010[,] at his bar roster address and was returned marked "Unable to Forward." A reminder letter with a copy of the Charge was also sent to [Robinson] on April 15, 2010[,] at his alternate address in Charleston, West Virginia. This letter was not returned.

During the evening of April 27, 2010, [Robinson] left a voice message indicating he received a letter dated April 15th that mentioned a default being entered against him and stated that he wanted to submit something. [Robinson] was called the next morning at a number left in his message. [Robinson] indicated that the letter he received reflected this file number. [Robinson] was informed that, as indicated in the last paragraph of the letter, should he wish to file a late Answer, he would need to file a Motion with the Inquiry Commission with a tendered Answer. [Robinson] indicated that he would do so.

The Charge and reminder letter were served on [Robinson] by Executive Director, pursuant to SCR 3.175(2)[,] on June 9, 2010[,] at [Robinson's] alternate address and another address in Charleston, WV, that was provided by the postal service on an earlier returned mailing. The Executive Director's return of service reflects that notice was not successful in that one of the mailings was returned marked "Unable to Forward[,]" and the other was returned marked "unclaimed." Respondent has not tendered or filed an Answer to the Charge.

The Inquiry Commission charged Robinson with four counts of professional misconduct:

- violation of SCR 3.130–1.3 (failure to act with reasonable diligence and promptness in representing client);
- violation of SCR 3.130–1.4(a) (failure to keep client reasonably informed of matter or promptly comply with reasonable request for information);
- violation of SCR 3.130–8.1(b) (knowingly failing to respond to lawful demand for information from disciplinary authority); and
- violation of SCR 3.175(1)(a) (failure to maintain with Director current address at which attorney may be communicated with by mail).

The Board voted unanimously[5] to find Robinson guilty of all four charges. Taking into account the facts of this case, Robinson's disciplinary history, and recent KBA cases involving similar facts,[6] the Board voted unanimously to recommend that Robinson be suspended for thirty

days, ordered to complete successfully the Ethics and Professional Enhancement Program, and ordered to pay the costs of this action.

Neither Robinson nor the Office of Bar Counsel (OBC) has filed a notice of review under SCR 3.370(8), nor do we elect to review the decision of the Board under SCR 3.370(9), meaning that we adopt the decision of the Board under SCR 3.370(10). Therefore, Robinson is found guilty of all charges in this case (KBA File No. 17240) and subject to the disciplinary sanctions recommended by the Board.

Accordingly, the Court ORDERS:

1) Joshua Michael Robinson is suspended from the practice of law for thirty days from the date of entry of this order;

2) Robinson must successfully complete the Ethics and Professional Enhancement Program (EPEP) within one year of the date of this Opinion and Order. Robinson must not apply for CLE credit of any kind for attendance at the EPEP and will furnish a release and waiver to the OBC to review his records with the CLE Commission for one year from the completion of the EPEP to verify that Robinson has not reported any hours to the CLE Commission based on his EPEP attendance; and

3) Robinson must pay the costs associated with this proceeding in the amount of $352.54, for which execution may issue from this Court upon finality of this Opinion and Order. SCR 3.450.

All sitting. All concur.

*Bar Association v. Glidewell*, 241 S.W.3d 316 (Ky.2007); *Kentucky Bar Association v. Whitlock*, 275 S.W.3d 179 (Ky.2008); *Kentucky Bar Association v. O'Brien*, 220 S.W.3d 686 (Ky.2006).

---

5. Five members of the Board were absent and did not vote. All sixteen members of the Board who heard the case voted to find Robinson guilty of all four charges.

6. *See generally Kentucky Bar Association v. Wallace*, 112 S.W.3d 385 (Ky.2003); *Kentucky*

ENTERED: November 18, 2010.

/s/ John D. Minton, Jr.
    Chief Justice

