TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000232-KB

FINAL DATE 9-3-14 EnA Grau,H, D.C.

KENTUCKY BAR ASSOCIATION                                                      MOVANT


V.                              IN SUPREME COURT


WILLIAM KELLY FULMER, II                                          RESPONDENT
KBA Member No. 84145


## OPINION AND ORDER


The Board of Governors (the Board) of the Kentucky Bar Association (KBA) recommends this Court: suspend William Kelly Fulmer, II (Fulmer) from the practice of law for one-hundred-eighty-one days, to be run consecutively with a current suspension;[1] direct Fulmer to refund a $2,000.00 retainer fee to his client; refer Fulmer to the Kentucky Lawyer's Assistance Program (KYLAP); and order Fulmer to pay the costs associated with this proceeding. Finding sufficient cause to do so, we adopt the Board's recommendations, with conditions. Fulmer, whose KBA number is 84145 and whose bar address is 7505 Sussex Drive, Suite 215, Florence, Kentucky 41042, was admitted to the practice of law in the Commonwealth of Kentucky on October 17, 1991.

---

[1] Fulmer is currently under suspension for failure to pay Bar Dues and failure to comply with CLE requirements. That suspension began January 23, 2014.

1

# I. BACKGROUND.

On May 7, 2013, Perry DeMars (DeMars) filed a complaint with the KBA. In his complaint, DeMars alleged that he had purchased a car with a "clean title" from a car lot in Paris, Kentucky. A week after purchasing the car, DeMars discovered that it had previously been sold at auction in Mississippi as a "flood vehicle" with a salvage title. DeMars contacted Fulmer about representation, which representation Fulmer agreed to undertake. Pursuant to their representation agreement, DeMars paid Fulmer a $2,000.00 retainer. Sometime thereafter, DeMars spoke with Fulmer, and Fulmer indicated that he believed there could be a problem with a number of vehicle titles that had been processed through the clerk's office which issued DeMars's "clean title." Fulmer stated that he was waiting for additional information from the clerk's office before proceeding. DeMars did not hear from Fulmer again, although he attempted to contact Fulmer numerous times by voicemail, email, regular mail, and registered mail. Ultimately, DeMars notified Fulmer that his services were no longer needed, and DeMars requested return of his retainer and any paperwork Fulmer had. Fulmer did not respond, and DeMars filed the above referenced complaint with the KBA.

The KBA forwarded a copy of the complaint to Fulmer at the above address on May 15, 2013. However, Fulmer did not respond. At the request of the KBA, the Boone County Sheriff attempted to serve Fulmer with the complaint on June 17, 2013. The Sheriff advised the KBA on July 3, 2013, that he had not been able to locate or serve Fulmer. The KBA then served the

2

Executive Director pursuant to Supreme Court Rule (SCR) 3.175(2),[2] on July 3, 2013. The KBA made one final attempt to serve Fulmer with the complaint at an alternate address on July 29, 2013. The envelope containing the copy of the complaint was returned as "unclaimed."

On October 28, 2013, the Inquiry Commission issued a Charge against Fulmer. That charge alleged that Fulmer violated: (1) SCR 3.130-1.3, by failing to diligently represent DeMars; (2) SCR 3.130-1.4(a)(3) by failing to keep DeMars informed about the status of his case; (3) SCR 3.130-1.4(a)(4) by failing to promptly comply with DeMars's requests for information; (4) SCR 3.130-1.16(d) by failing to take steps to protect DeMars's interests once representation had been terminated; and (5) SCR 3.130-8.1(b) by failing to respond to DeMars's complaint to the KBA.[3] As with DeMars's complaint, the

---

[2] SCR 3.175(2) provides that:

After July 1, 2004, every member of the Association shall be deemed to have appointed the Director as that member's agent for service of any document that is required to be served upon that member by any provision of Supreme Court Rule 2 or 3, provided that service of a document upon the Director shall constitute constructive service of that document . . .

[3] SCR 1.30-1.3 provides that:

A lawyer shall act with reasonable diligence and promptness in representing a client.

SCR 3.130-1.4 provides, in pertinent part, that:

(a) A lawyer shall:

(3) keep the client reasonably informed about the status of the matter; [and]

(4) promptly comply with reasonable requests for information . . .

SCR 3.130-1.16(d) provides that:

3

KBA unsuccessfully attempted to serve the Charge on Fulmer by mail and through the Boone County Sheriff. Therefore, pursuant to SCR 3.175(2), the KBA served the Executive Director. As with the complaint, Fulmer has not responded to the Charge.

Based on the preceding, the Board unanimously found Fulmer guilty on all five counts in the Charge and recommended the sanctions as set forth above. Having reviewed this matter, we adopt the Board's findings and recommendations.

## II. ANALYSIS.

In adopting the Board's findings and recommendations, we note that we have imposed sanctions for violations of these rules that range from disbarment (*Kentucky Bar Ass'n v. McCartney*, 281 S.W.3d 286 (Ky.

---

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

SCR 3.130(8.1) provides, in pertinent part, that:

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

2009)(attorney retained nearly $30,000.00 in unearned fees; failed to answer a complaint on behalf of client, garnering the client a $22,000.00 judgment; and failed to respond to a Charge by KBA)) to a thirty day suspension (*Kentucky Bar Ass'n v. Robinson* 324 S.W.3d 735 (Ky. 2010)(attorney took a retainer from client; failed to respond to client; failed to act diligently and promptly in representation of client; and failed to respond to the KBA; but voluntarily refunded the majority of the retainer paid by client.)) Fulmer's behavior does not rise to the level of the attorney's in *McCartney;* however, because Fulmer has not refunded DeMars's retainer, his behavior is more egregious than the attorney's in *Robinson.* Furthermore, unlike the attorney in *Robinson,* Fulmer has a disciplinary record - current suspension for failure to comply with CLE requirements for fiscal year 2012-2013, and failure to pay Bar Dues for 2013-2014. Therefore, we hold that a suspension for one-hundred-eighty-one days is an appropriate sanction. *See Kentucky Bar Ass'n v. Glidewell,* 297 S.W.3d 564 (Ky. 2009)(attorney suspended for 181 days after she failed to respond to client; failed to answer a complaint, resulting in a default judgment; failed to file a motion for relief from that motion; failed to respond to the KBA; and practiced law while under a forty-five day suspension).

Having reviewed the record, the Supreme Court Rules, and relevant case law, we adopt the Board's recommendation, with conditions.

ACCORDINGLY, IT IS ORDERED THAT:

1. Respondent, William K. Fulmer, II, KBA Member No. 84145, is suspended from the practice of law in Kentucky for a period of one-

5

hundred-eighty-one days. The period of suspension shall commence on the date his current suspension for failure to comply with CLE requirements and failure to pay Bar Dues ends;

2. If he has not already done so, pursuant to SCR 3.390, Fulmer shall promptly take all reasonable steps to protect the interests of his clients, including, within ten days after the issuance of this order, notifying by letter all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel and notifying all courts or other tribunals in which Fulmer has matters pending. Fulmer shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel;

3. If he has not already done so, pursuant to SCR 3.390, Fulmer shall immediately cancel any pending advertisements; shall terminate any advertising activity for the duration of the term of suspension; and shall not allow his name to be used by a law firm in any manner until he is reinstated;

4. Pursuant to SCR 3.390, Fulmer shall not, during the term of suspension, accept new clients or collect unearned fees;

5. Fulmer shall refund to DeMars the $2,000.00 retainer fee;

6. Fulmer shall undergo an assessment through the Kentucky Lawyers' Assistance Program (KYLAP) and comply with all recommendations by KYLAP as a result of that assessment, including but not limited to entering into a Supervision Agreement with KYLAP and the KBA. Fulmer

6

shall also pay all costs for the assessment and for any testing that may be required by a Supervision Agreement;

7.   Fulmer shall sign authorizations allowing the KBA to review his records held by KYLAP, mental health professionals, social workers, and any and all medical records and mental health records;

8.   The Director of KYLAP will file quarterly reports with the Disciplinary Clerk of the KBA for distribution to the Office of Bar Counsel and Fulmer or Fulmer's counsel, should he retain one. These reports shall state whether Fulmer is complying with the terms and conditions resulting from this disciplinary proceeding.  In the event Fulmer does not comply with the requirement that he undergo an assessment through KYLAP, the Director of KYLAP will file a report noting Fulmer's failure to comply with the Disciplinary Clerk for the KBA for distribution to the Office of Bar Counsel and Fulmer or Fulmer's counsel, should he retain one.  The Director of KYLAP will not have any additional reporting requirements until such time as Fulmer complies with the requirement that he undergo an assessment through KYLAP;

9.   If at any time, other than set forth above, the KYLAP Director becomes aware of Fulmer's violations of any of the terms and conditions of this disciplinary proceeding or any Supervision Agreement with KYLAP, the KYLAP Director shall immediately file a notice of such violations with the Disciplinary Clerk of the KBA for distribution to the Office of Bar Counsel and Fulmer or Fulmer's counsel, should he retain one; and

7

10. In accordance with SCR 3.450, Fulmer is directed to pay the costs of this action in the amount of $231.84, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 21, 2014.

_____
CHIEF JUSTICE

8