TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000069-KB

BETHANNI FORBUSH-MOSS        MOVANT

V.        IN SUPREME COURT

KENTUCKY BAR ASSOCIATION        RESPONDENT

## OPINION AND ORDER

Bethanni Forbush-Moss[1] (Moss) moves this Court to suspend her from the practice of law for sixty-one days, which suspension shall be probated for two years for the following admitted violations: failure to promptly comply with reasonable requests for information, Supreme Court Rule (SCR) 3.130(1.4)(a)(4); failure to deposit client's refundable funds into an escrow account, SCR 3.130(1.15)(e); failure to keep client's property separate from the lawyer's property, SCR 3.130(1.15)(a); and failure to surrender property and fees upon termination, SCR 3.130(1.16)(d).

The Kentucky Bar Association (KBA) states no objection to the proposed discipline, which was negotiated pursuant to SCR 3.480(2). Finding the suspension from the practice of law for sixty-one days, which suspension shall be probated for two years to be the appropriate discipline for her misconduct, we grant Moss's motion.

---

[1] Moss's KBA number is 88191, and her bar address is 9322 Taylorsville Road, Suite 4A, Bowling Green, Kentucky 40299. Moss was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2000.

# I. BACKGROUND.

The KBA's Inquiry Commission charged Moss with violating the aforementioned Supreme Court Rules stemming from interactions with her former client, Bill Thomas (Thomas). On April 29, 2013, Thomas retained Moss to represent him in divorce proceedings, and she charged a four thousand dollar retainer to his credit card. Moss did not use a fee agreement or deposit the retainer into an escrow account. On July 3, 2013, Thomas terminated Moss and requested an itemized statement and any refund due. On July 12, 2013, Thomas sent Moss an email reiterating his request. Then on July 16, 2013, Moss replied by email, stating that his statement would be completed by the end of the month, and any refund due would be returned at that time.

Over the next several months, Thomas sent Moss multiple emails seeking a statement and refund of the unearned fee. Moss provided Thomas an itemized statement dated November 30, 2013 but refunded no money. On December 5, 2013, a bar complaint was filed against Moss for failure to turn over a statement or a refund. On December 9, 2013, Moss emailed Thomas to remind him that a voicemail had been left on his provided phone number and that his statement had been mailed the week prior. On December 10, 2013, Moss refunded Thomas the unearned fee totaling $1,701.73.

On December 13, 2013, Moss received the Complaint and filed a response by January 3, 2014. On April 8, 2014, after corresponding with KBA's counsel, Moss received a final letter asking for clarification of Moss's previous answers and the account numbers for her escrow and general

2

operating accounts. The KBA's counsel stated that a failure to respond to questions regarding her escrow account would indicate that Moss did not have one, which would be a violation of Moss's duty to respond to a lawful demand for information during a disciplinary proceeding. Moss responded to KBA's counsel's first two questions but failed to provide her account information.

On May 13, 2014, the KBA's Inquiry Commission charged Moss with five violations of Supreme Court Rules.

## II. ANALYSIS.

Pursuant to SCR 3.480(2), the parties, Moss and the KBA, have agreed to a negotiated sanction in order to resolve this matter.

### A. Counts I-IV: SCR 3.130(1.4)(a)(4); SCR 3.130 (1.5)(e); SCR 3.130(1.15)(a); and SCR 3.130(1.16)(d).

Imposed sanctions for violations of these rules have ranged from a thirty-day suspension to disbarment. In *Kentucky Bar Ass'n v. Robinson*, 324 S.W.3d 735 (Ky. 2010), Robinson received a retainer from his client and subsequently failed to respond to and evaded communication with his client. Robinson failed to act diligently and promptly in representation of his client and failed to respond to the KBA. However, Robinson did voluntarily refund the majority of his retainer to the client. That behavior warranted a thirty-day suspension.

In *Kentucky Bar Ass'n v. McCartney*, 281 S.W.3d 286 (Ky. 2009) we disbarred McCartney for violating sixteen Supreme Court Rules in representing three clients. These violations included failing to prepare a deed and get property transferred to a client, while retaining a $5,000 settlement check on their behalf. During such time, the clients requested a refund of any unearned

3

portion of McCartney's fee and an account statement of their bill, which he failed to return or provide. For another client, McCartney accepted an advance of $1,000 in defense of a claim of back rent. He then entered an appearance in the case and filed an answer, but did nothing else while a judgment was entered against his client in the amount of $22,000. In a third client's matter, McCartney required an advance payment of $23,500 to handle a real estate matter, but then took no action. While these clients attempted to contact McCartney, he closed his law office, absconded, did nothing to salvage his client's interests, and subsequently failed to respond to his bar complaints.

Moss's behavior does not rise to the level in *McCartney*. However, Moss does have a past disciplinary record. We hold that the negotiated sanction is appropriate and in accord with case law. *See Thompson v. Kentucky Bar Ass'n*, 360 S.W.3d 238 (Ky. 2012) (holding Thompson's earlier private admonition coupled with his new violations warranted a sixty-one day suspension, to be partially probated with conditions; Thompson admitted the following violations: a lack of diligence, a failure to safekeep client property, a failure to timely terminate representation upon disability, a failure to communicate with clients, and failure to return client files and unearned fees).

**B. Dismissing Count V: SCR 3.130(8.1)(b).**

The KBA's Inquiry Commission charged Moss for failing to respond to a request from disciplinary authority, violating SCR 3.130(8.1)(b) after not responding to a request from KBA's counsel regarding her escrow account information. Moss, however, claims not to remember receiving an inquiry

requesting account information. The KBA claims to have sent a two-page correspondence, of which one page included questions about her escrow account. Moss claims she either did not receive the correspondence or mistakenly failed to read the page with questions. Moss seeks to dismiss this count. The KBA did not object in its response. Therefore, we dismiss Count V: SCR 3.130(8.1)(b).

Having reviewed the record, the Supreme Court Rules, and the relevant case law, we grant Moss's motion, with conditions.

ACCORDINGLY, IT IS ORDERED THAT:

A. Bethanni Forbush-Moss, KBA Number 88191, is found guilty of violating SCR 3.130(1.4)(a)(4), SCR 3.130(1.15(e), SCR 3.130(1.15)(a), and SCR 3.130(1.16)(d), as set out in KBA File No. 22450.

B. Moss is suspended from the practice of law for sixty-one days;

C. The suspension shall be probated for a period of two years, conditioned upon Moss receiving no additional disciplinary charges;

D. If Moss fails to comply with this condition, the KBA may move the Court to suspend Moss for the sixty-one day period. Should this Court impose the sixty-one day suspension, Moss would then be required to report her suspension to her clients. Moss is not required to report this probated suspension to her clients unless and until this Court imposes a suspension for sixty-one days following Moss's failure to comply with the above condition;

E.   If, at the expiration of the probationary period of two years, Moss has fully complied with the above terms, the suspension and all terms of Moss's probation shall be terminated.

F.   Having acknowledged her unethical conduct in KBA File 24450, Moss is directed to pay the costs of this action, $224.24, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 2, 2015.

_____
CHIEF JUSTICE

6